UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT CARPENTER,  Case No. 1:15-cv-666

    Plaintiff,  Barrett, J.
        Bowman, M.J.

v.

SPRINGLEAF CONSUMER LOAN, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

**I. Background**

On September 2015, Robert Carpenter filed a one-page *pro se* complaint in the Hamilton County Municipal Court, alleging that "Beth McNamara-Wilson CEP, DBA Springfield Finance" had failed to respond to a Qualified Written Request under the Real Estate Settlement Procedures Act ("RESPA"). (Doc. 3). The alleged RESPA violation is the sole claim stated in Plaintiff's complaint.

On October 13, 2015, the above Defendant removed the case to this Court, (Doc. 1), where it was assigned to the undersigned magistrate judge, per local practice, for further review. Thereafter, Defendant filed its answer, (Doc. 5), as well as a motion for judgment on the pleadings. (Doc. 6). When Plaintiff failed to file any timely response, the undersigned directed him to "show cause" in writing on or before December 29, 2015 why Defendant's motion should not be granted. (Doc. 7),

On December 21, 2015, the court's order was returned as "undeliverable," indicating that Plaintiff no longer resides at the address listed on his complaint. (Doc. 8). Nevertheless, Plaintiff filed a "Notice of Dispute and Judicial Notice" on December 23, 2015, within the time period allocated by this Court for him to "show cause" why the Defendant's pending motion for judgment should not be granted. (*See* Doc. 10). On January 8, 2016, Defendant filed a reply to Plaintiff's written "show cause" response, advocating for dismissal in accordance with its motion.

For the reasons that follow, I now recommend that Defendant's motion be granted and that this case be dismissed with prejudice and closed.

**II. Analysis**

**A. Relevant Legal Standard**

A motion for judgment on the pleadings is reviewed under the same standard used to review a Rule 12(b)(6) motion to dismiss. *Rush v. Mac*, 792 F.3d 600 (6th Cir. 2015)(affirming judgment on the pleadings against plaintiffs fighting foreclosure in "long line of cases arising from the home mortgage crisis"). In addition,

> [w]here a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion. *Fritz,* 592 F.3d at 722; *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir.1987).

*Anderson v. Cty. of Hamilton*, 780 F. Supp. 2d 635, 648 (S.D. Ohio 2011).

**B. Defendant's Arguments**

Defendant argues that the loan that forms the subject of the dispute herein is not a "federally related mortgage loan," and that Plaintiff's letter is not a Qualified Written

2

Request ("QWR") under the applicable federal law known as RESPA.  In the alternative, Defendant argues that it properly responded to Plaintiff's letter on June 23, 2015.

### 1.  Whether the Loan is a Federally Related Mortgage Loan

Under RESPA, a servicer of a "federally related mortgage loan" has certain statutory duties when it receives a "qualified written request."  See 12 U.S.C. §1205(e).  A "federally related mortgage loan" under RESPA is defined, in relevant part, as a loan which "is secured by a first or subordinate lien on residential real property…."  *Id.*  The Defendant persuasively argues that the subject loan ("Loan"), attached as Exhibit A to Defendant's Answer, (Doc. 5-1), does not secure an interest in any real property but instead reflects an unsecured personal line of credit.  The Loan on its face reflects that it is a Revolving Loan Agreement with Beneficial Ohio, Inc. that appears to have been executed on October 16, 2006.  (*Id.*).  As reflected in an additional exhibit, the Loan was transferred to Defendant Springleaf in September 2014.  (Doc. 5-3).  Because the Loan is not a "federally related mortgage loan" under RESPA, Defendant is entitled to judgment as a matter of law on Plaintiff's claim that Defendant violated RESPA.

### 2.  Plaintiff's Letter Does Not Constitute a QWR Under RESPA

On May 10, 2015, Plaintiff sent a letter to Springleaf, care of Beth McNamara-Wilson. (Doc. 5-2, hereinafter "Letter").  The Letter purports to identify itself as a QWR under RESPA, and identifies fourteen categories of information that Plaintiff wanted from Springleaf.  (*Id.*).  Springleaf responded in writing on June 23, 2015 ("Response"). (Doc. 5-3).

3

Plaintiff's Letter does not constitute a QWR under RESPA because: (1) Plaintiff identifies no error with respect to the servicing of his loan; and (2) he demands information that is unrelated to the servicing of his loan. "In determining whether a given request constitutes a QWR, courts have drawn a distinction between communications related to the servicing of the loan, which are covered under RESPA, and those challenging the validity of a loan, which are not." *Jestes v. Saxon Mortg. Services, Inc.*, 2014 WL 1847806 (M.D. Tenn., May 8, 2014) quoting *Minson v. CitiMorgage, Inc.*, 2013 WL 2383658, at *4 (D. Md., May 29, 2013). Even if the subject Loan were a "federally related mortgage loan" under RESPA, a conclusion that the undersigned flatly rejects, Plaintiff's Letter does not constitute a Qualified Written Request because it identifies no error in the servicing of his Loan.

Instead, the Letter seeks fourteen pieces of information in order to dispute "a) the identify of a true secured lender/creditor, and b) the existence of debt, and c) your authority and capacity to collect on behalf of the alleged lender/creditor." (Doc. 5-2 at 1). The first two reasons appear directed toward challenging the validity of the Loan, and do not constitute a QWR. Although the third reason comes closer to the scope of RESPA, close examination of Plaintiff's Letter and the fourteen requests contained therein confirm that Plaintiff fails to identify any specific error that relates to the servicing of his Loan by Defendant. Instead, in fourteen specific requests for information, Plaintiff seeks the following information: (1) a copy of the "original promissory note and security instrument" and all assignments thereof; (2) the full "name, address, and telephone number" of the entity that "funded" the transaction; (3) Pursuant to the Truth In Lending

4

Act ("TILA"), the name, address, and telephone number of "the mortgage and the master servicer of the mortgage," (4) the "name of Trust where the Note Number is trading, or has traded, and the identifying Services of Certificates;" (5) the name, address and telephone number of the Trustee; (6) the name, address, and telephone number of the "Custodian of my original Promissory Note" under the TILA; (7) the "MERS Milestone Report" and "audit trail of the alleged transfer in ownership;" (8) a "complete audit history from alleged loan origination;" (9) a "complete and itemized statement of any and all fees and/or charges against this account"; (10) a "complete and itemized statement of the escrow for this account"; (11) a "complete and itemized statement from the date of the note origination to the date of your response to this letter of the amounts charged for any forced-placed insurance, the date of the charge, the name of the insurance company, the relation of the insurance company to you or a related company, the amount of commission you received…and an itemized statement of any other related expenses and any claims paid out thereto"; (12) a "[c]omplete and itemized statement of any and all fees incurred to modify, extend, or amend the loan"; (13) a "[c]omplete, itemized statement of the current amount needed to pay-off" the Loan; and (14) "[v]erification of any notification provided to me of a change in servicer." The Letter concludes with a request that future communications be in writing, and that Springleaf "cease and desist all collection activity." (Doc. 5-2).

### 3. Springleaf's Response to Letter Entitles It To Judgment

Springleaf provided a detailed written response to Plaintiff that provided him with the information Plaintiff requested, and/or an explanation of why the information could

5

not be provided, i.e., that the Loan is an unsecured personal loan and not a mortgage loan. (Doc. 5-3). To the extent that any reviewing court would disagree with the undersigned and conclude that the subject Loan was covered by RESPA, and/or that Plaintiff's Letter constituted a QWR, the Defendant's response was sufficient to comply with any obligation it may have had under RESPA and entitles Defendant to judgment as a matter of law on Plaintiff's RESPA claim.

### C. Plaintiff's Notice/Response

#### 1. Failure To Respond To RESPA Arguments

On December 23, 2015, apparently in response to this Court's "show cause" order directing him to file a response to the Defendant's pending motion for judgment on the pleadings, Plaintiff filed a document captioned as a "Notice of Dispute and Judicial Notice." Plaintiff's Notice/response cites the Federal Rules of Evidence to suggest that it is "unfair to admit a photocopy." (Doc. 10 at 2). Plaintiff also cites the Uniform Commercial Code and Internal Revenue Service rules. While the intent of these citations is not entirely clear, Plaintiff offers no persuasive challenge to the authenticity of the exhibits attached to Defendant's Answer, nor does he offer any arguments to challenge the undersigned's conclusion that Defendant is entitled to judgment as a matter of law on Plaintiff's RESPA claim. In fact, Plaintiff's construed response fails to respond to any of Defendant's arguments on the sole claim presented in Plaintiff's complaint, that Defendant failed to comply with RESPA.

Rather than responding to Defendant's arguments, Plaintiff appears to present new arguments relating to the Fair Debt Collection Practices Act ("FDCPA") and/or the

Truth In Lending Act ("TILA"). However, Plaintiff's complaint contains only a single claim under RESPA and contains no allegations or claims pertaining to the FDCPA or TILA.[1]

Plaintiff cites *Haines v. Kerner*, 404 U.S. 519 (1972) for the general proposition that *pro se* pleadings are to be liberally construed. While an accurate statement, that general proposition does not mean that this Court may conjure up or create unarticulated claims, merely because the litigant proceeds *pro se*. *See Jinadu v. Fitzgerald*, 230 F.3d 1358 (Sept. 15, 2000)(Table, text available at 2000 WL 1359640)("the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.").

Plaintiff's Notice was not documented as a motion and has been construed herein as a response to Defendant's pending motion for judgment. Nevertheless, to the extent that the Notice concludes with a request for "summary judgment" in Plaintiff's favor, (*see* Doc. 10 at 6), any such construed motion should be denied for the reasons expressed herein.

### 2. Construed Motion for Leave To Amend/ Proper Defendant

Plaintiff's Notice also contains a statement that he "reserves the right to amend this complaint." (Doc. 10). If Plaintiff is seeking to amend his complaint to avoid dismissal in full, he will be offered a <u>brief</u> opportunity to do so. However, Plaintiff must file a separate "motion" for leave to amend and attach to that motion a copy of the proposed amended complaint. This Court cannot and will not construe his Notice

---

[1] Even under the newly cited federal laws, Plaintiff continues to refer to the requirements of a "mortgagee" and cites case law governing mortgages. (*See* Doc. 10 at 4-5).

7

(already construed as a response to the Defendant's pending Rule 12(c) motion) as a motion to amend his complaint or an actual proposed amended complaint.

The Court further cautions Plaintiff that his *pro se* status does not excuse him from compliance with all applicable federal rules. Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, in recent years, the Supreme Court has brought greater focus to that pleading standard, holding first in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007) that the "famous" no-set-of-facts formulation "has earned its retirement" and instituting a new standard that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974. In *Ashcraft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Under *Iqbal,* a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations. *Id.* The first step is to identify the elements of the plaintiff's claim, in order to determine which allegations are mere legal conclusions, as opposed to factual allegations entitled to the "assumption of truth." *Id.* at 1951 ("We begin ... by identifying the allegations in the complaint that are not entitled to the assumption of truth"). To survive a Rule 12(b)(6) motion to dismiss, a

plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly,* 127 S.Ct. at 1965.

In short, no proposed amendment will be permitted if it does not comply with Rule 8. Any future motion to amend Plaintiff's complaint may also be denied on grounds of futility, if the amendment would not otherwise survive a motion to dismiss. *See generally*, *Fryer v. CitiFinancial, Inc.*, No. 1:11-CV-606, 2012 WL 592172, at *4 (S.D. Ohio Feb. 23, 2012) *report and recommendation adopted,* No. 1:11-CV-00606, 2012 WL 1142900 (S.D. Ohio Apr. 4, 2012) (dismissing claims under FDCPA for multiple reasons, including but not limited to the fact that the plaintiff failed to clearly identify what actions taken by the defendant violated the FDCPA or what provisions were violated); *Langley v. Chase Home Fin., LLC*, No. 1:10-CV-604, 2011 WL 1150772, at *5 (W.D. Mich. Mar. 11, 2011) *report and recommendation adopted,* No. 1:10-CV-604, 2011 WL 1130926 (W.D. Mich. Mar. 28, 2011)(granting judgment on the pleadings in part because the plaintiff failed to comply with *Iqbal* and failed to allege any particular violation of TILA).

The remainder of Plaintiff's Notice/response challenges the Defendant's standing as a "real party of interest," apparently in terms of the Defendant's ability to enforce the Loan under the TILA. Plaintiff also seems to challenge Defendant's standing under Rule 17, Fed. R. Civ. P.

The Defendant's "standing" is not presently at issue in this case. Plaintiff filed suit against Defendant alleging a single claim - that Defendant violated RESPA. Having named the Defendant as the sole responsible party to an action he initiated, Plaintiff has

nothing to gain by convincing this Court that Defendant is not a proper party to suit. (Doc. 10 at 3, 5, "Defendant cannot be a party to this controversy."). In any event, Defendant states in its reply that "Springleaf is not currently prosecuting any action against Plaintiff" such that Rule 17 of the Federal Rules of Civil Procedure has no application. (Doc. 11 at 2).

Accordingly, **IT IS RECOMMENDED THAT**:

1) Defendant's motion for judgment on the pleadings (Doc. 6) be GRANTED insofar as Defendant is entitled to judgment as a matter of law on the sole claim presently contained in Plaintiff's complaint;

2) This Recommendation shall stand as to Plaintiff's RESPA claim regardless of whether Plaintiff moves to amend his complaint and/or any future ruling on such a motion.

 s/Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

10

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| ROBERT CARPENTER, | Case No. 1:15-cv-666 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| SPRINGLEAF CONSUMER LOAN, INC., | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).